1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

UNITED STATES OF AMERICA,

8                                    Plaintiff(s),

9    v.

10   JACK COHEN,

11                                   Defendant(s).

12
13

No. C04-0332P

ORDER DENYING DEFENDANT'S
MOTIONS TO DISMISS (Nos. 1-5)
AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND PERMANENT
INJUNCTION

14

15          The Government brings this case against Jack Cohen in order to secure a permanent

16   injunction against him, which will require him to refrain from disseminating information and products

17   via the internet that encourage people to stop paying taxes.  Mr. Cohen never responded to the

18   Government's Complaint.  This Court issued an Order granting a Preliminary Injunction against Mr.

19   Cohen on May 6, 2004. (Dkt. No. 8).  In that Order, the Court noted that Mr. Cohen was technically

20   in default on this case.

21          The Government now brings a Motion for Summary Judgment, asking the Court to grant a

22   permanent injunction against Mr. Cohen under 26 U.S.C. §§ 7408 and 7402.[1] (Dkt. No. 18).  In

23   response, Mr. Cohen has filed a Motion to Strike Plaintiff's Motion for Summary Judgment, a Motion

24   for Enlargement of Time that requests that the Court hold an evidentiary hearing on this matter, and

25

26   [1] Hereinafter, this Order will refer to sections of the tax code as I.R.C. _____, e.g. I.R.C.
§        7408.

ORDER - 1

Motions to Dismiss Plaintiff's case for Lack of Equity Jurisdiction, Lack of Venue, Lack of Subject Matter Jurisdiction, Lack of a Taxing Statute, and Obfuscation of any Alleged "Taxing Statute." (Dkt. Nos. 19-24). Additionally, Mr. Cohen has filed a thirty-eight page affidavit, where he explains his legal theories and objections to the government's case. (Dkt. No. 25). Having reviewed all of the pleadings and documentation associated with these motions and after having heard oral argument on these matters, the Court hereby DENIES Mr. Cohen's Motions and GRANTS the United States' Motion for Summary Judgment.

BACKGROUND

Internal Revenue Agent Sean Flannery notified Mr. Cohen in September, 2003 that the United States Government was considering taking action against him for promoting an abusive tax shelter under I.R.C. §§ 6700 and 7408. In February, 2004, the Government filed a formal action in this Court against Mr. Cohen under I.R.C. §§ 6700, 6701, 7408, and 7402. The Government charges that Mr. Cohen had been engaged in operating a website that he calls "The Tax Ax." (www.taxax.org), from which he disseminated false information regarding the U.S. tax system. Even after the preliminary injunction in this case issued, Mr. Cohen admitted that he did not immediately refrain from these activities. (P's Mot. at 7, ¶ 16). Nonetheless, as of the date of oral argument on this matter, Mr. Cohen had removed all information from this website. The Government alleged, however, that Mr. Cohen has moved his operation to a new website, but did not provide this Court with the URL to the new website.

Through the internet, Mr. Cohen has promoted the idea that the U.S. tax system is a "hoax" and that the payment of federal income taxes is voluntary. (Pl's. Ex. 1). Additionally, Mr. Cohen advertised a number of products on his website aimed at "educating" people about their "right" to not pay taxes. Examples of these products are his book American Liberty vs. Forced Withholding and a Custom Letter, which is designed to "build a solid foundation to reverse the government's presumption that we are 'taxpayers' pursuant to the Code, instead of 'tax payers' in the ordinary sense of the term," and to "keep the IRS scrambling. . ." (Pl's Ex. 24). The distinction that Mr.

Cohen draws between "tax payers" and "taxpayers" is based on his contention that the I.R.C. is not a real "code of laws," that the Secretary of the Treasury does not have authorization to operate outside of the territorial confines of Washington, D.C., and that the only people subject to tax are foreign nationals. (Cohen Dep. At 24, 30; Cohen Aff. at 13, 15).

ANALYSIS

**I. Defendant's  Motions to Dismiss**

The Court will first address Mr. Cohen's motions to dismiss, because they would preclude consideration of the Government's motion for summary judgment if they are granted.

**A. Motion Number 1–Dismissal based on Lack of Equity Jurisdiction, Constituting a Failure to State a Claim for Which Relief can be Granted, Pursuant to Rule 12(b)(6)**

Mr. Cohen argues that the Government cannot pursue an injunction against him because it has not shown an irreparable injury for which there is no adequate remedy at law.  The government responds by noting that although I.R.C. §§ 6700 and 6701 do provide monetary relief for the Government against those who promote abusive tax shelters, the legislature specifically envisioned injunctive relief to also apply to these cases.  I.R.C. §7408; U.S. v. White, 769 F. 2d 511, 516 (8th Cir. 1985).  Additionally, there is precedent that holds that the Government need not meet all the traditional requirements for equitable relief under §7408 because the legislative process already took these requirements into account.  Id. at 515; U.S. v. Estate Preservation Servs., 202 F. 3d 1093, 1098 (9th Cir. 2000).  For this reason, Mr. Cohen's first Motion to dismiss for lack of equity jurisdiction must be DENIED.

**B.  Motion Number 2–Dismissal based on Lack of Venue**

Mr. Cohen also argues that this Court does not have venue in this action because various provisions of the U.S. Code authorize the Secretary of the Treasury and the Attorney General to exercise their offices only within the District of Columbia.  He also contends that this Court may only operate in the District of Columbia.  Under 28 U.S.C. §1340, this Court has jurisdiction to hear civil

actions "arising under any Act of Congress providing for internal revenue." Additionally, this Court has jurisdiction where the United States Government is a plaintiff. 28 U.S.C. §1345. More to the point, 28 U.S.C. §1391(b)(1) allows an action where jurisdiction is not based on diversity of citizenship to be brought only in "a judicial district where any defendant resides. . ." I.R.C. §7408 also specifically allows actions under that statute to be brought "in the district court of the Untied States for the district in which such person resides. . ." Here, Mr. Cohen is the only Defendant in this case. He currently resides in Fircrest, Washington, which is inside this Court's geographic jurisdiction. Thus, Mr. Cohen's Motion to Dismiss for Lack of Venue must be DENIED.

**C. Motion Number 3–Dismissal for Lack of Subject Matter Jurisdiction**

Mr. Cohen argues in this motion that this Court has no subject matter jurisdiction over him in this action because Congress' intent, in enacting I.R.C. §§ 6700 and 6701, was only to punish those individuals who create unlawful *investments* that constitute tax shelters. In support of this argument, he cites a Department of Treasury White Paper from July 1999. (Def's Mot. #3, at 1-3). Plaintiff's reply, however, cites to a Senate report that indicates that §§ 6700 and 6701 were also intended to address not only investment-type shelters, but also "other abusive tax avoidance schemes." (Pl's Resp. at 3). Defendant Cohen's argument ignores precedent, which holds that a tax protest organization can constitute an "abusive tax shelter" under §§ 6700 and 6701. U.S. v. Kaun, 827 F. 2d 1144, 1149 (7th Cir. 1987). In Kaun, the Court found evidence that the group in question was trying to stop the filing of tax returns, stop the filing of W-4s, and attempting to circumvent the IRS, persuasive that that group constituted an illegal tax shelter under the meaning of I.R.C. §§ 6700 and 6701. Based on the evidence submitted by both parties, Mr. Cohen's activities are geared toward achieving these same goals. This Court's Order Granting Preliminary Injunction in this case found that Cohen "has engaged in conduct subject to penalty under § 6700 by organizing and promoting an abusive tax scheme. . ." (Dkt. No. 8 at 3-4). For these reasons, Mr. Cohen's third motion must be DENIED.

**D. Motion Number 4–Dismissal for Obfuscation of any Alleged "Taxing Statute"**

In Mr. Cohen's Fourth Motion to Dismiss, he states that he has never been shown the taxing statute that may be applicable to him or to his customers, despite several requests by him to the Government on this subject. Therefore, he concludes, he cannot be found to have willfully broken any law because he has no knowledge of such a law. As pointed out by Plaintiff, however, I.R.C. §§ 6011(a) and 6012(a) set forth an individual's requirement to file a tax return. As noted in the Court's Preliminary Injunction Order, Mr. Cohen has extensively studied the U.S. tax code. He is college-educated. (Cohen Dep. at 9). His deposition and affidavit provide further evidence of his knowledge in this area. Other courts have held that the claims regarding the voluntary nature of the U.S. tax system are meritless. E.g. U.S. v. Gerads, 999 F. 2d 1255 (8th Cir. 1993). Therefore, the Court must DENY Mr. Cohen's Fourth Motion for Dismissal.

**E. Motion Number 5–Dismissal for Lack of a Taxing Statute**

As stated above, I.R.C. §§ 6011(a) and 6012(a) set forth an individual's requirement to file tax returns. This Court should find, therefore, that the U.S. taxing statute does exist and cannot dismiss Plaintiff's claims for a lack of one. Mr. Cohen's Fifth Motion for dismissal is DENIED.

**II.  Motion for Summary Judgment**

**A.  Summary Judgment Analysis**

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an

1  element essential to that party's case, and on which that party will bear the burden of proof at trial.

2  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving

3  party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine

4  issue for trial. Id. at 324.

**B. Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment and Defendant's**
5

**Motion to Expand Time**
6

7          Mr. Cohen asks this Court to strike Plaintiff's Motion for Summary Judgment because, he

8  states, Plaintiff has only brought the Motion under Fed. R. Civ.P. 56(c). He contends that Plaintiff

9  was required to bring the motion under Fed. R. Civ. P. 56(a) or (b) because these two sections of

10  Rule 56 set forth who may bring what kinds of motions for summary judgment. Unfortunately, Mr.

11  Cohen has misapprehended the procedural requirements for a motion for summary judgment. There

12  is nothing deficient about Plaintiff's motion under Rule 56(c). The Court DENIES Mr. Cohen's

13  Motion to Strike.

14          Mr. Cohen also asks that this Court continue oral argument on this motion until after an

15  evidentiary hearing can be held on the issues of the Plaintiff's alleged injury and whether or not

16  Defendant is subject to a valid tax law. The latter issue has already been addressed by the Court,

17  *supra*, so no hearing will be necessary on this issue. As for whether or not Plaintiff has been injured,

18  this Court may determine whether or not to grant summary judgment on this issue without an

19  evidentiary hearing. The summary judgment process is intended to streamline the judicial process by

20  only allowing claims based on a genuine factual dispute to reach a jury. Additionally, whether or not

21  Plaintiff can show that individuals actually relied on Mr. Cohen's tax advice, the Government's

22  expenditure of resources responding to "false and frivolous tax arguments," such as Mr. Cohen's, can

23  still be considered an injury. White, 769 F. 2d at 513, 516. For these reasons, it would be

24  inappropriate for the Court to hold an evidentiary hearing before deciding whether or not to grant

25  summary judgment. The Court DENIES Mr. Cohen's motion for an enlargement of time.

26

**C. Conduct Subject to IRC §6700**

Section 6700 of the I.R.C. penalizes anyone who:

(1)(A) organizes (or assists in the organization of)

(I) a partnership or other entity,

(ii) any investment plan or arrangement, or

(iii) any other plan or arrangement, or

(B) participates (directly or indirectly) in the sale of any interest in any entity or plan or arrangement referred to in subparagraph (A), and

(2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)--

(A) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter. . .  I.R.C. § 6700(a).

In order to show a section 6700 violation, the Government must establish by a preponderance of the evidence that Mr. Cohen: "(1) organized or sold an entity, plan, or arrangement; (2) made or furnished statements concerning tax benefits to be derived from the entity, plan or arrangement; (3) knew or had reason to know that the statements were false or fraudulent; and (4) that the false of fraudulent statements pertained to a material matter. Raymond, 78 F. Supp. 2d at 876.  As noted above, this Court has already found that Mr. Cohen's activities fall within the confines of punishable activity under this statute.  Other courts have also found that a defendant need not be operating a traditional investment tax shelter to run afoul of §6700, but that the organization or participation in a tax protester scheme or group, which is based on false or fraudulent conceptions of the U.S. Tax Code, will suffice. See e.g. Kaun, 827 F. 2d 1144, 1148 (7th Cir. 1987).

As already noted, Mr. Cohen knew or should have known that the theories under which he urged others to oppose taxation did not hold water. The Government has demonstrated that Mr. Cohen's misleading statements about the benefits of his plan are material because such statements could have substantially impacted a potential purchaser's decision-making process. Smith, 657 F. Supp. At 655.  Mr. Cohen did not file a formal response to the Government's motion.  However,

even when the Court construes his various filings as an aggregate response to the government, he does not succeed in raising a material issue of fact as to the nature of his anti-tax activities, his knowledge of the plan's falsity, or the materiality of the statements he made on his website. For these reasons, the Court GRANTS the government's motion for summary judgment on Defendant's §6700 violation..

### D.  Conduct Subject to IRC §6701

Section 6701 of the I.R.C. provides monetary fines for any person,

> (1) who aids or assists in, procures, or advises with respect to the preparation or presentation of any portion of a return, affidavit, claim, or other document,
>
> (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and
>
> (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person. . . I.R.C. §6701(a).

The United States claims that Mr. Cohen violated I.R.C. §6701 by furnishing articles on his website that falsely claim that the IRS is a hoax, and by providing customers with products to hinder the collection of taxes. Mr. Cohen's website also contained a first-hand narrative by a man named "Dave" who Defendant purportedly "aided" in stymying an IRS agent during an in-person meeting. (Pl's. Ex. 22). Evidence of this type of activity, combined with the products sold and the advice dispensed via the website satisfy the first prong of §6701. Defendant has raised no issue of material fact that he did not provide this information or assistance. The Court has already decided that Mr. Cohen was savvy regarding tax matters and knew or should have known that the "help" he was distributing was, in fact, detrimental. Likewise, he also had enough information about the tax system to know that his advice would likely lead people to understate their tax liability. Mr. Cohen responds to this claim by stating that to "the best of [his] knowledge and belief, none of [his] 'customers' is a taxpayer." (Cohen Aff. at 15). However, there is no requirement under §6701 that a person to whom the false advice was furnished actually use it. I.R.C. §6701; White, 769 F. 2d at 516. Moreover, Mr. Cohen's assertion does not make sense because a person normally would not seek this type of advice

1

2

if he were not required to pay taxes.  The Court should GRANTS summary judgment as to the Government's §6701 claim.

3

**E.  Injunction under IRC §7408 and §7402**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

I.R.C. §7408 grants the Court power to grant an injunction against an individual who has been found to have violated I.R.C. § 6700 or §6701, provided that "injunctive relief is appropriate to prevent recurrence of such conduct."  I.R.C. §7408(b)(2).  I.R.C. §7402 allows the Court to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. . " I.R.C. § 7402(a).  As noted above, where injunctive relief is provided for legislatively, the normal equitable factors need not be taken into account.  Estate Preservation Servs., 202 F. 3d at 1098.  Instead, the Court may consider: "(1) the gravity of the harm caused by the offense; (2) the extent of the defendant's participation; (3) the defendant's degree of scienter; (4) the isolated or recurrent nature of the infraction; (5) the defendant's recognition or non-recognition; and (6) the likelihood that the defendant's occupation would place him in a position where future violations could be anticipated."  Id., at 1105.  All of these factors weigh in Plaintiff's favor: Mr. Cohen's activities have caused injury to the Government by causing the unnecessary expenditure of valuable resources; Mr. Cohen was deeply involved in this scheme because it was of his own creation; the Court has already decided that Mr. Cohen knew or should have known the falsity of the tactics he was selling; Mr. Cohen did not fully comply with the Court's Preliminary Injunction Order and persisted in operating his website for a time after that Order was issued; Mr. Cohen does not acknowledge his wrongdoing; and, finally, Mr. Cohen admits in his deposition that this project is his life's work, so his occupation would likely put him in a position to commit future violations. (Cohen Dep. at 8-10).  In light of these strong indicators favoring issuance of a permanent injunction against Mr. Cohen, the Court GRANTS the Government's Motion for an injunction under I.R.C. §§7408 and 7402.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motions for Dismissal of Plaintiff's case are DENIED.  The Case is hereby DISMISSED in Plaintiff's favor.

Mr. Jack Cohen, his employees, agents, and all other persons in active concert or participation with the Defendant who receive actual notice of this Order, are HEREBY PERMANENTLY ENJOINED, until the Court orders otherwise, from:

1) Engaging in activity subject to penalty under I.R.C. §6700, including organizing or selling a plan or arrangement (including, without limitation, the Section 861 argument that U.S. citizens with domestic income are not subject to taxation, the argument that Congress cannot tax U.S. citizens, and the argument that wages are not taxable) and making a statement regarding the excludability of income which constitutes commercial speech that they know or have reason to know is false or fraudulent as to any material matter;

2) Engaging in activity subject to penalty under I.R.C. §6701, including preparing and/or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position (including, without limitation, the U.S. Sources argument and the Section 861 scheme) that they know will result in the understatement of tax liability;

3) Engaging in other similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws, including engaging in false, deceptive or misleading commercial speech, or engaging in other false speech which is directed to incite the imminent evasion or attempted evasion of federal taxes and is likely to produce such action.

Further, and in addition to the above prohibition against engaging in conduct subject to penalty under I.R.C. §§ 6700 and 6701, the Court ORDERS that, **within 12 days** of the date of the entry of this Order, Mr. Cohen must mail (by U.S. mail and, if an e-mail address is known, electronic mail) a copy of this Order to: (1) every current and former customer for whom Mr. Cohen has

1  performed any tax-related service or provided any tax-related advice; and (2) all persons to whom

2  Cohen otherwise sold or distributed any tax-related products, documents, services or advice.

3      The Court further ORDERS that **within 15 days** of the date of the entry of this Order that

4  Mr. Cohen shall serve the United States with a list of physical and electronic mail addresses to which

5  he sent a copy of this Order.  Mr. Cohen shall file a certificate of service with the Court that same day

6  evidencing his compliance with this paragraph of the Order.

7      The Court further ORDERS that Mr. Cohen must, **within 15 days** of the date of the entry of

8  this Order, serve the United States with a list of Mr. Cohen's customers which sets forth their names,

9  addresses and social security numbers.  Mr. Cohen shall file a certificate of service with the Court that

10  same day evidencing his compliance with this paragraph of the Order.

11      The Court further ORDERS that Mr. Cohen must, **within 30 days** of the date of the entry of

12  this Order, remove from his website www.taxax.org, or any other website to which he has been

13  posting information in contravention of I.R.C. §§6700 and 6701, all false and fraudulent statements

14  concerning the meaning and application of the internal revenue laws, including (but not limited to)

15  any statement regarding I.R.C. §861 (or the corresponding Treasury Regulations) which Defendant

16  knows or has reason to know is false.  Mr. Cohen shall also post on the first page of his website

17  www.taxax.org, or any other website to which he has been posting information in contravention of

18  I.R.C. §§6700 and 6701, for a period of six months from the date of the entry of this Order, a

19  complete copy, in not less than 12-point type, of the Order granting a permanent injunction in this

20  case.  Mr. Cohen must file a sworn certificate of compliance stating that he has complied with this

21  portion of the Order, **within 35 days** of the date of the entry of this Order.

22      Finally, the Court ORDERS that the United States may conduct discovery to ensure Mr.

23  Cohen's compliance with this permanent injunction.

24

25

26

ORDER - 11

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: May 13, 2005.

/s/ Marsha J. Pechman

Marsha J. Pechman
United States District Judge

ORDER - 12